**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ELVIN GENAO,

                                    Plaintiff,

           - v -                                           Civ. No. 1:19-CV-1037
                                                                    (TJM/DJS)

10TH PRECINCT,

                                  Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

ELVIN GENAO
Plaintiff, *Pro Se*
237 West 127th Street, Apt. 14C
New York, New York 10027

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Elvin Genao. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 3, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B.  Allegations Contained in Plaintiff's Complaint

The nature of the Complaint is unclear. Plaintiff, a resident of New York City, names as the sole Defendant the 10th Precinct of the New York City Police Department ("NYPD"). Compl. at p. 1. The 10th Precinct serves portions of Manhattan. https://www1.nyc.gov/site/nypd/bureaus/patrol/precincts/10th-precinct.page (last visited

November 4, 2019). The Complaint consists of nothing more than a list of crimes and generally stated legal theories without any direct factual allegations. *Id.* at p. 3.

### C. Sufficiency of the Pleading

As noted, the sole named Defendant is the New York Police Department's 10th Precinct. "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *see also EZ Pawn Corp. v. City of New York*, 2019 WL 2393780, at \*9 (E.D.N.Y. June 5, 2019); *Cooper v. Proud*, 2018 WL 2729249, at \*4 (N.D.N.Y. Mar. 22, 2018), *report and recommendation adopted*, 2018 WL 2727873 (N.D.N.Y. June 6, 2018). "Similarly, police precincts and designated squads within that precinct, as divisions or subdivisions of the NYPD, lack independent legal existence and also cannot be sued." *Brannon v. 73rd Precinct*, 2016 WL 8711204, at \*2 (E.D.N.Y. Apr. 15, 2016) (citing cases); *see also Flemming v. New York City*, 2003 WL 296921, at \*2 (S.D.N.Y. Feb. 11, 2003). As a result, Plaintiff's claim against the 10th Precinct must be dismissed.

In addition, it appears that this action is improperly venued in the Northern District of New York. Defendant is not a resident of the Northern District and there do not appear to be any factual allegations connecting the action to this District. *See* 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406, a district court faced with a case brought 'laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

4

transfer such case to any district or division in which it could have been brought.'" *McFadden v. Ortiz*, 2013 WL 1789593, at *4 (N.D.N.Y. Apr. 26, 2013) (quoting 28 U.S.C. § 1406(a)). While the Second Circuit has cautioned against *sua sponte* dismissals based on improper venue, it has also recognized that such a dismissal is appropriate under certain circumstances. *Stich v. Rehnquist*, 982 F.2d 88 (2d Cir.1992). Given the nature of the pleadings here and the clear lack of a connection to the Northern District, the Court also recommends that dismissal is appropriate on this ground.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Here, Plaintiff's claim against a precinct of the New York Police Department cannot be cured by different pleading so the Court recommends that it be dismissed with prejudice.

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: November 5, 2019
       Albany, New York

*/s/ Daniel J. Stewart*
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).